UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| JAMES MCCUTCHEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:10-0094 |
| | ) | Judge Trauger[1] |
| v. | ) | |
| | ) | |
| MACON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CORRECTED O R D E R[2]

The plaintiff, proceeding *pro se*, is a prisoner at the Charles Bass Correctional Complex in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Macon County Sheriff's Department, Robert Lee Johnson, and Mark Gammons. (Docket No. 1). The plaintiff has submitted an application to proceed *in forma pauperis.* (Docket No. 2).

On June 21, 2010, the court entered an Order alerting the plaintiff that his application to proceed *in forma pauperis* was defective because he had not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). The court directed the plaintiff to submit to the court within thirty (30) days either (1) a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date that he receives this order, or (2) the full three hundred fifty dollar ($350.00) filing fee. (Docket Entry No. 3).

On June 28, 2010, the plaintiff filed a response to the court's Order, stating that he had sent the court a certified copy of his inmate trust fund account statement for the three month period

---

[1] This case initially was assigned to Senior Judge Robert L. Echols. After Judge Echols' retirement, this case was reassigned to Judge Aleta A. Trauger. (Docket No. 8).

[2] This Order VACATES the Order entered in error on 9/27/10 (Docket Entry No. 16).

during which he has been incarcerated at his present place of confinement, the Charles Bass Correctional Complex. (Docket Entry No. 6 at p. 1). However, there was no such statement in the court's records.

By order entered on July 30, 2010, the court construed the plaintiff's submission (Docket No. 3) as a timely-filed motion for an extension of time within which to comply with the court's Order of June 21, 2010. (Docket No. 7). The court allowed the plaintiff fourteen (14) days to obtain and submit to the district court a certified copy of his inmate trust fund account statement from the Charles Bass Correctional Complex pertaining to the time period during which he has been incarcerated there. The plaintiff was not required to obtain and submit a statement from his previous place of confinement. The court alternatively gave the plaintiff fourteen (14) days to submit the full civil filing fee of $350.00 to the district court. (*Id*.) The court specifically forewarned the plaintiff that failure to comply with the court's Order would result in the dismissal of his action for want of prosecution. (*Id*. at p.2).

More than fourteen (14) days have passed since the entry of the court's Order of July 30, 2010. The plaintiff has not submitted the civil filing fee. The docket sheet reflects that the Clerk's Office mailed a copy of the court's Order to the plaintiff on August 3, 2010, at the mailing address provided by the plaintiff to the court. (Docket No. 10). The docket sheet further reflects that, on August 12, 2010, the court received notice of the plaintiff's change of address. (Docket No. 11). The court then mailed the court's Order of July 30, 2010, to the plaintiff at his new address on August 19, 2010. (Docket Nos. 11, 13). The docket sheet reflects the plaintiff received the court's Order at his new address on August 23, 2010. (Docket No. 13). Even if the plaintiff did not receive the court's Order of July 30, 2010, until August 23, 2010, **nearly a month** has passed since the

2

plaintiff's receipt of the Order and the plaintiff has neither complied, nor has attempted to comply, with the court's Order.

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad,* 370 U.S. 626, 630-31 (1962).

The Clerk is directed to assign a civil action number to this matter.

The Clerk will **FILE** the complaint *in forma pauperis.* 28 U.S.C. §§ 1915(a), (b)(4).

The plaintiff is herewith assessed the three hundred fifty dollars ($350.00) civil filing fee. Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is greater:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.*

This action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution.  Fed. R. Civ. P. 41(b).

Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*.  28 U.S.C. § 1915(a)(3).  Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00) appellate filing fee, or submit an application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six (6) month period.  28 U.S.C. §§ 1915(a)(1) & (a)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Warden of the Charles Bass Correctional Complex to ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees.  Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement.  All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

It is so **ORDERED**.

　　　　　　　　　　　　　　　　　　　　　Aleta A. Trauger
　　　　　　　　　　　　　　　　　　　　　United States District Judge